IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00963-BNB

THOMAS JOHN BEYLIK, SR.,

    Plaintiff,

v.

J. WAGNER, CO-1, C.D.O.C. Employee,
SGT. MATHIAS, C.D.O.C. Employee,
R. BEZONA, Employee # 4795,
RANDY LIND, Employee # 2258,
MASINGAIL, C.D.O.C., Associate Warden, and
ANTHONY A. DeCESARO, Grievance Officer,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 23 2010

GREGORY C. LANGHAM
    CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff, Thomas John Beylik, Sr., is in the custody of the Colorado Department of Corrections (CDOC) and currently is incarcerated at the Crowley Correctional Facility in Olney Springs, Colorado. On April 19, 2010, Mr. Beylik, acting *pro se*, submitted to the Court a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Magistrate Judge Boyd N. Boland reviewed the Complaint and entered an order on May 27, 2010, directing Mr. Beylik to file an Amended Complaint. Mr. Beylik was instructed to assert personal participation and to name and show how each individual caused the deprivation of his constitutional rights. On July 14, 2010, Mr. Beylik filed an Amended Complaint.

Mr. Beylik asserts that his First, Sixth, Eighth, and Fourteenth Amendment rights were violated when Defendant J. Wagner stole his outgoing legal mail and returned an

AR form 300-38D to him claiming that "[a]dditional marks must be removed from the envelope prior to mailing–brackets and other punctuation marks are not part of your D.O.C. address." (Am. Compl. at 6.) Mr. Beylik further asserts the certificate of appealability that he attempted to mail to the Tenth Circuit Court of Appeals, but was stolen, was time sensitive and did not pose any security threat or issue. Mr. Beylik also asserts that on three other occasions his mail was stolen, including when (1) he again attempted to access the Tenth Circuit in *Beylik v. State of Colo.*, No. 09-cv-02712-ZLW (D. Colo. Dec. 15, 2009), *appeal dismissed*, No. 10-1001 (10th Cir. May 11, 2010); (2) he sent correspondence to John W. Suthers, Colorado State Attorney General; and (3) he sent correspondence to the Colorado Inspector General. Although Mr. Beylik claims that his mail was stolen, he further asserts that when all of his mail was properly addressed it was "logged and sealed, Postage-Pre-Paid, and . . . mailed by a Unit-Officer." (Am. Compl. at 7.)

Mr. Beylik further asserts that for over a year, after winning a mailroom grievance, he and his wife were harassed, he was retaliated against, and his wife endured constant attacks. Repeatedly throughout the Amended Complaint, Mr. Beylik also asserts that (1) the theft of his mail is mail fraud; (2) no one at the prison will report the fraud to federal authorities; (3) he has been harassed at all steps of the grievance process; (4) Defendants' acts breach the commercial contract he holds with the U.S. Postal Service; and (5) the "failure to report a crime committed by one under authority of color[ ] and conspiracy to conceal a crime by one under authority of color [ ] [pierce] the Corporate Vail [sic]." Mr. Beylik also asserts that he has evidence of over ten separate acts of direct harassment by the A.C.C. Mail Room staff involving his incoming

2

and outgoing mail, including packages, private marital correspondence, and legal mail. Mr. Beylik seeks money damages and injunctive relief.

The Court must construe the Amended Complaint liberally because Mr. Beylik is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which [Mr. Beylik] could prevail, [a court] should do so despite [Mr. Beylik's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as an advocate for a *pro se* litigant. See *id.* For the reasons stated below, the action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Mr. Beylik claims a violation of his due process rights, the United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. See *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Beylik does not allege that he was deprived of life or property. Therefore, he was entitled to procedural protections only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. See *Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. See *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise under the United States Constitution or prison regulations. See *Sandin*, 515 U.S. at 483-84. Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in

3

relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Nonetheless, for the reasons stated below none of the claims that Mr. Beylik raises are constitutionally protected liberty interests.

While "[c]orrespondence between a prisoner and an outsider implicates the guarantee of freedom of speech," *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996), the Supreme Court has recognized that the control of mail to and from prisoners is a necessary adjunct to penal administration. *See Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989) (acknowledging that prison officials are better equipped than the judiciary to deal with the security implications of interactions between prisoners and the outside world). Prison regulations which restrict a prisoner's First Amendment rights are "permissible if they are reasonably related to legitimate penological interests and are not an exaggerated response to those concerns." *Wardell v. Duncan*, 470 F.3d 954, 960 (10th Cir. 2006) (quoting *Beard v. Banks*, 548 U.S. 521, 528 (2006)). The burden is on the prisoner to disprove the validity of prison regulations. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). This Court has held that corrections officers can inspect *all* outgoing mail if the inspection is reasonably related to substantial government interests. *Beville v. Ednie*, 74 F.3d 210, 214 (10th Cir. 1996). Substantial government interests include threats to prison order and security. *Id.*

Although Mr. Beylik asserts, under Section "C. Nature of the Case" in the Amended Complaint, that Defendant Wagner stole his outgoing legal mail, nothing in his Amended Complaint supports this claim. It is clear that once Mr. Beylik removed unnecessary markings from the envelopes in each of the four instances where his mail was detained, his mail thereafter was forwarded through the U.S. Postal Service. (Am.

Compl. at 7.) Pursuant to CDOC Administrative Regulation 300.38.IV.9.b. "[t]he only authorized writing permitted on the outside of the envelope will be the addresses, return address, and any specific mailing instructions (e.g., certified mail)." Requiring Mr. Beylik to refrain from including brackets and other unnecessary punctuation marks that are not part of his DOC address regulation does not violate Mr. Beylik's First Amendment rights. A prison has a concern that a prisoner is properly identified as the sender of a piece of mail that is sent from the prison. The requirement that Mr. Beylik comply and remove the brackets and unnecessary punctuation is not an exaggerated response. Therefore, Mr. Beylik's outgoing mail claim lacks merit and will be dismissed as legally frivolous.

To assert a denial of access to the courts claim, Mr. Beylik must plead and prove he was actually impeded in his ability to conduct a particular case to state a violation of his rights. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518

U.S. at 351. Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.*

Neither of the examples set forth in *Casey* are at issue in this case. Mr. Beylik claims he was denied access to the courts because his certificate of appealability in Case No. 09-cv-02712-ZLW was time-barred. This claim is an incorrect statement. Mr. Beylik's certificate of appealability was denied because the 28 U.S.C. § 2254 action that he filed in Case No. 09-cv-02712-ZLW was time-barred under 28 U.S.C. § 2244(d), and the action was an unauthorized second or successive petition for habeas relief pursuant to § 2254. *See Beylik*, No. 09-cv-02712-ZLW at Doc. Nos. 4 and 14. Mr. Beylik's access claim lacks merit and will be denied as frivolous.

As for Mr. Beylik's retaliation claims, "[m]ere allegations of constitutional retaliation will not suffice; plaintiff must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Mr. Beylik fails to demonstrate how retaliatory motives were the "but for" cause for requiring that he refrain from adding unnecessary punctuation and brackets to his return address on outgoing mail. The retaliation claim will be dismissed as legally frivolous.

Furthermore, Mr. Beylik's claims of harassment do not rise to the level of a constitutional deprivation. Verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524

(10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Mr. Beylik does not assert that he was physically assaulted by any named Defendants or threatened or assaulted by any inmates due to alleged improper handling of his mail. His only claim is that he was harassed when prison staff denied the grievances he filed regarding the alleged holding of his mail and instructed him that he was required to address his outgoing mail in accordance with CDOC administrative regulations. Denial of a grievance alone does not state a claim of constitutional dimension. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Mr. Beylik's harassment claim will be dismissed as legally frivolous.

Mr. Beylik also lacks standing to assert a claim on behalf of his wife. A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982) (quotation omitted). With respect to his breach of commercial contract and mail fraud claims, the Court finds no basis for these claims and will dismiss them as frivolous.

Finally, the Court finds that even if Mr. Beylik states a claim regarding his incoming mail and the newspaper clippings that were destroyed on February 18, 2009, he fails to assert which named Defendant personally participated in the destruction of the clippings as Magistrate Judge Boland had instructed him to do. The only statement Mr. Beylik sets forth about Defendant R. Bezona is that he claimed he had corrected the alleged unconstitutional practices by the mail room. Mr. Beylik does not assert that

Defendant Bezona was responsible for destroying the clippings. Nothing Mr. Beylik asserts about Defendant Bezona rises to the level of a constitutional deprivation. Therefore, Mr. Beylik's claims against Defendant Bezona are legally frivolous and will be dismissed. Based on the foregoing findings, it is

ORDERED that the Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __22nd__ day of ___July___, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00963-BNB

Thomas John Beylik
Reg No. 127387
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/23/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk